Margaret A. QUINN, Appellant/Cross–Appellee,

v.

NAFTA TRADERS, INC., Appellee/Cross–Appellant.

No. 05–07–00340–CV.

Court of Appeals of Texas, Dallas.

June 17, 2008.

Janette Johnson, Christine Neill Huffman, Janette Johnson & Associates, Dallas, for Appellant/Cross–Appellee.

Alan L. Busch, Robert Ruotolo, Busch & Myers, L.L.P., Dallas, for Appellee/Cross–Appellant.

Before Justices MORRIS, FITZGERALD, and LANG.

## OPINION

Opinion by Justice MORRIS.

This is an appeal from an order confirming an arbitration award in favor of Margaret A. Quinn on claims against her former employer Nafta Traders, Inc. In a single issue, Quinn challenges the trial court's denial of her request for additional attorney's fees incurred in enforcing the arbitration award. Nafta has filed a cross-appeal arguing the trial court should have vacated the arbitration award. Concluding that both parties' issues are without merit, we affirm the trial court's judgment.

### I.

Quinn sued Nafta for violations of the Texas Commission for Human Rights Act. The trial court signed an agreed order compelling the parties to arbitrate pursuant to a provision in Nafta's employee handbook. After a hearing, the arbitrator awarded Quinn $203,341, including attorney's fees. Quinn then filed a motion in the trial court to confirm the arbitration award and requested additional attorney's fees associated with the judicial enforcement of the award. In response, Nafta filed a motion to vacate the arbitrator's award. The trial court granted Quinn's motion to confirm and denied Nafta's motion to vacate. The trial court also denied Quinn's request for additional attorney's fees. Both Quinn and Nafta appeal.

### II.

At the outset, we note that neither party disputes that the Texas General Arbitration Act (TAA) governs their agreement. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.001–.098 (Vernon 2005). Although Quinn is the appellant in this case, we begin our analysis with the issues raised in Nafta's cross-appeal. Nafta contends the trial court erred by failing to vacate the arbitration award under grounds set forth in the parties' arbitration agreement. Alternatively, it asserts the award should have been vacated under the TAA, common law, or public policy. We first address Nafta's grounds for vacation based on the arbitration agreement.

Nafta argues the parties' arbitration agreement expands the scope of judicial review authorized under the TAA to include grounds not expressly identified in the statute. Specifically, the agreement provides, "The arbitrator does not have authority (i) to render a decision which contains a reversible error of state or federal law, or (ii) to apply a cause of action or remedy not expressly provided for under existing state or federal law."[1] In the trial court and on appeal, Nafta argues that the award should be vacated or modified under the agreement's expanded review because (1) the arbitrator applied the wrong law, (2) there was no or insufficient evidence of sexual discrimination, (3) it was an abuse of discretion to award attor-

---

1. We assume, without deciding, that by this provision the parties contracted to expand the scope of judicial review of the arbitrator's award.

ney's fees, (4) the award of special damages was incorrect, and (5) there was no or insufficient evidence of mental anguish. In essence, Nafta argues the arbitrator made several errors of law and those alleged errors are subject to judicial review following the arbitration.

Under the TAA, a court must confirm an arbitrator's award on application unless an opposing party establishes a statutory ground under the Act for vacating, modifying, or correcting the award. TEX. CIV. PRAC. & REM.CODE ANN. § 171.087. The Texas Supreme Court has not addressed whether parties can contractually agree to enlarge judicial review of an arbitrator's award beyond the statutory grounds set forth in the TAA. When confronted with this issue under the Federal Arbitration Act (FAA), however, the United States Supreme Court recently held that the statutory grounds for judicial vacation and modification or correction of an arbitration award are exclusive and cannot be supplemented by contract. *Hall St. Assocs., L.L.C. v. Mattel, Inc.,* —— U.S. ——, ——, 128 S.Ct. 1396, 1400, 170 L.Ed.2d 254 (2008). In light of the similarities between the TAA and FAA provisions regarding enforcement, vacation, and modification of arbitration awards, we find the Supreme Court's opinion in *Hall* persuasive.

Both the TAA and FAA provide an expedited process to enforce or change an arbitrator's award in court. TEX. CIV. PRAC. & REM.CODE ANN. §§ 171.081–.097 (Vernon 2005) (TAA); 9 U.S.C.A. §§ 9–11 (West 1999 and Supp. 2008) (FAA). Like the TAA, the FAA requires a court to confirm an arbitration award unless the award is vacated, modified, or corrected as prescribed by sections 10 and 11 of the FAA. 9 U.S.C. §§ 10–11; *Hall,* 128 S.Ct. at 1402. In *Hall,* the Supreme Court concluded the "textual features" of the FAA are "at odds with enforcing a contract to expand judi-

cial review following the arbitration." *See Hall,* 128 S.Ct. at 1404. We reach the same conclusion with respect to the TAA.

■ An arbitrator's award on matters properly submitted to him is entitled to the same effect as a judgment of a court of last resort. *See CVN Group, Inc. v. Delgado,* 95 S.W.3d 234, 238 (Tex.2002). The award is conclusive on the parties as to all matters of fact and law. *Bailey & Williams v. Westfall,* 727 S.W.2d 86, 90 (Tex.App.-Dallas 1987, writ ref'd n.r.e.). Like the FAA, the statutory grounds for vacating and modifying an award under the TAA are extremely narrow and there is no language allowing parties to contract for expanded judicial review. The grounds listed in section 171.088 include (1) corruption, fraud, or other undue means, (2) prejudice resulting from arbitrator partiality, corruption, misconduct or wilful misbehavior, (3) arbitrators exceeding their powers, refusing to postpone a hearing after a showing of good cause, refusing to hear material evidence, or conducting a hearing contrary to enumerated statutory provisions resulting in substantial prejudice to a party, and (4) absence of an agreement to arbitrate. TEX. CIV. PRAC. & REM.CODE ANN. § 171.088. These grounds reflect severe departures from an otherwise proper arbitration process and are of a completely different character than ordinary legal error. Similarly, the statutory grounds for judicial modification or correction include (1) evident miscalculation of numbers, (2) evident mistake in a description referred to in the award, (3) awards on matters not submitted, and (4) imperfect form of the award not affecting the merits. TEX. CIV. PRAC. & REM.CODE ANN. § 171.091. These grounds speak to errors that are clerical in nature rather than legal. As the Supreme Court noted in *Hall,* "it would stretch basic interpretive principles to expand the [statutory] grounds to the point of evidentiary and legal review generally." *Hall,* 128 S.Ct. at 1404.

A statute with no provision for expansion cannot permit contracting parties to supplement review for specific instances of egregious conduct or clerical error by additionally providing for judicial review for any legal error. *See id.* at 1404–05. Moreover, section 171.087 addressing judicial confirmation is not written as a default provision in the event the parties' contract is silent on this issue. On the contrary, the TAA specifically mandates confirmation in all cases except where statutory grounds are offered for vacation, modification, or correction. TEX. CIV. PRAC. & REM. CODE ANN. § 171.087. We therefore conclude that parties seeking judicial review of an arbitration award covered under the TAA cannot contractually agree to expand the scope of that review and are instead limited to judicial review based on the statutory grounds enumerated in the statute.

Nafta argues that even if an expanded scope of judicial review is not available, the award should still be vacated under section 171.088(a)(3)(A) because the arbitrator exceeded his authority by making the five legal errors identified above. Nevertheless, to support its position, Nafta once again relies on the parties' arbitration clause limiting the arbitrator's authority to render a decision containing reversible legal error or apply a cause of action or remedy not expressly provided for under existing state or federal law.

An arbitrator's authority is limited to disposition of matters expressly covered by the agreement or implied by necessity. *See Gulf Oil Corp. v. Guidry,* 160 Tex. 139, 327 S.W.2d 406, 408 (1959); *Pheng*

*Invs., Inc. v. Rodriquez,* 196 S.W.3d 322, 329 (Tex.App.-Fort Worth 2006, no pet.) (op. on reh'g). Arbitrators therefore exceed their authority when they decide matters not properly before them. *Pheng Invs.,* 196 S.W.3d at 329. Nafta does not argue that the arbitrator decided a matter not before him. Instead, it contends the arbitrator decided the matters before him incorrectly. Moreover, our adoption of Nafta's argument would allow Nafta to accomplish indirectly what we have already concluded it cannot do directly, that is, contractually expand judicial review of the arbitration decision. Because Nafta has not established that the arbitrator decided a matter not properly before him, we cannot conclude the arbitrator exceeded his powers under section 171.088(a)(3)(A).

In a single sentence, Nafta also argues that the arbitrator's award should be vacated under section 171.088(a)(3)(D), various common law grounds, and public policy grounds. With respect to section 171.088(a)(3)(D), Nafta does not specify what it found to be objectionable about the hearing or how it was substantially prejudiced.[2] Likewise, other than listing the common law grounds, Nafta's brief provides no discussion, legal authority, or analysis to support its position that the five legal errors it attributes to the arbitrator constituted grounds for vacation. Finally, Nafta does not identify what public policy was allegedly violated. Nafta has therefore waived these arguments by its inadequate briefing. *See* TEX.R.APP. P. 38.1(h).[3]

### III.

Having concluded Nafta failed to establish any reversible error with respect

---

2. This section provides that an award may be vacated if the arbitrator conducted the hearing contrary to certain specified sections of the TAA in a manner that substantially prejudiced the rights of a party. TEX. CIV. PRAC. & REM.CODE ANN. § 171.088(a)(3)(D).

3. In concluding Nafta has waived its arguments that the award should be vacated under common law grounds, we express no opinion on whether such grounds are available with respect to an arbitration covered by the TAA. The issue of whether common law

to the trial court's confirmation of the arbitrator's award, we turn to Quinn's complaint for additional attorney's fees. Quinn argues the trial court erred in denying her request because, under the TCHRA, she was entitled to the additional attorney's fees as the prevailing party in the arbitration and confirmation proceedings. *See* TEX. LAB.CODE ANN. § 21.259(a) (Vernon 2007). We do not agree.

 This Court has previously stated, "If an arbitration award includes an award of attorney's fees, a trial court may not award additional attorney fees for enforcing or appealing the confirmation of the award unless the arbitration agreement provides otherwise." *Crossmark, Inc. v. Hazar,* 124 S.W.3d 422, 436 (Tex.App.-Dallas 2004, pet. denied). Quinn does not argue that the parties' arbitration agreement provides for such an award. Instead she relies on the TCHRA as statutory authority to support her request. Quinn has cited no case, and we have found none, where a trial court's award of additional attorney's fees for enforcement under the TAA has been upheld. Quinn's claims under the TCHRA have been merged into the arbitration award and her action to enforce that award gives rise to a new and different cause of action for which there is no statutory basis for recovery of attorney's fees. *See Kline v. O'Quinn,* 874 S.W.2d 776, 785 (Tex.App.-Houston [14th Dist.] 1994, writ denied). Accordingly, the trial court did not err in denying her request for additional attorney's fees.

We affirm the trial court's judgment.

grounds are preempted by the TAA is not before us and has yet to be decided by the Texas Supreme Court. We likewise express no opinion on whether public policy grounds are preempted by the TAA. This issue is also not before us.