COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| AGE INDUSTRIES, LTD., | § | |
| | | No. 08-08-00246-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | County Court at Law No. Five |
| THOMAS EDWARDS, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC# 2007-512) |
| | § | |

## O P I N I O N

Age Industries, Ltd. (Age Industries) appeals the trial court's confirmation of an arbitration award and asserts that the trial court committed error. We affirm.

## BACKGROUND

Thomas Edwards filed suit against Age Industries for breach of a written employment contract and fraud. The trial court granted Age Industries' Motion to Stay Litigation and Compel Arbitration. The arbitrator awarded Edwards the present cash value of his employment contract, an additional $14,500, $32,000 in attorney's fees, pre-judgment and post-judgment interest as allowed by law, and denied Edwards all other relief. Edwards then filed a motion to confirm the arbitration award and sought a conditional award of additional attorney's fees, interest, and court costs. Age Industries filed its response to the motion, asserting that the arbitrator misinterpreted the law resulting in a "gross mistake." The trial court entered its final judgment confirming the arbitrator's award and granted Edwards' request for fees, interest, and costs. Age Industries now appeals the trial court's final judgment confirming the arbitrator's award.

In two issues, Age Industries essentially contends that it is entitled to relief because (1) the trial court erred when it confirmed the arbitrator's award as there was no binding compensation agreement between Edwards and Age Industries, and (2) the trial court failed to follow Texas contract law. We disagree.

## DISCUSSION

Our review of a trial court's confirmation of an arbitration award is extraordinarily narrow. *Garza v. Phelps Dodge Refining Corp.*, 262 S.W.3d 514, 517 (Tex. App. – El Paso 2008, no pet.). We review *de novo* a trial court's decision to confirm an arbitration award and, in doing so, we review the entire record. *Statewide Remodeling, Inc. v. Williams,* 244 S.W.3d 564, 567-68 (Tex. App. – Dallas 2008, no pet.); *Home Owners Mgmt. Enters., Inc. v. Dean*, 230 S.W.3d 766, 768 (Tex. App. – Dallas 2007, no pet.), *citing Tanox, Inc. v. Akin, Gump, Strauss, Hauer & Feld, L.L.P.*, 105 S.W.3d 244, 250 (Tex. App. – Houston [14th Dist.] 2003, pet. denied). We give strong deference to the arbitrator with respect to issues properly left to the arbitrator's resolution. *Xtria L.L.C. v. Intern. Ins. Alliance Inc.*, 286 S.W.3d 583, 591 (Tex. App. – Texarkana 2009, pet. denied); *Am. Realty Trust, Inc. v. JDN Real Estate-McKinney, L.P.*, 74 S.W.3d 527, 531 (Tex. App. – Dallas 2002, pet. denied).

A non-prevailing party seeking to vacate or modify an arbitrator's award has the burden to bring forth in the trial court a complete record of arbitration proceedings and establish any basis, including constitutional grounds, which would warrant the trial court's entry of a vacated or modified judgment. *GJR Mgmt Holdings, L.P. v. Jack Raus, Ltd. and JMG Construction, Inc.*, 126 S.W.3d 257, 263 (Tex. App. – San Antonio 2003, pet. denied). When there is no transcript of the arbitration hearing, a court is unable to determine what evidence the arbitrator refused to hear or what evidence was offered before the arbitrator and we will, consequently, presume the evidence was

adequate to support the award. *Statewide Remodeling, Inc.*, 244 S.W.3d at 568; *Jamison & Harris v. Nat'l Loan Investors*, 939 S.W.2d 735, 737 (Tex. App. – Houston [14th Dist.] 1997, writ denied). Indeed, many Texas courts have held that there can be no appellate review of an arbitrator's decision without a complete record of the evidence presented to the arbitrator during the arbitration proceedings. *Statewide Remodeling, Inc.*, 244 S.W.3d at 568; *Grand Homes 96, L.P. v. Loudermilk*, 208 S.W.3d 696, 706 (Tex. App. – Fort Worth 2006, pet. denied) (lack of arbitration-proceedings record prevents review of issues); *GJR Mgmt Holdings, L.P.*, 126 S.W.3d at 263 (because non-prevailing party produced no record of arbitration proceedings, appellate court was unable to judge whether the alleged misconduct in fact occurred and, if it occurred, whether it deprived the appealing party of a fair hearing). Neither attorneys' recollections of testimony of what was or was not presented to an arbitrator, nor attachments to motions to vacate or modify awards, will provide a complete record of arbitration proceedings. *Statewide Remodeling, Inc.*, 244 S.W.3d at 569.

When matters are properly submitted before him, an arbitrator's award is entitled to the same effect as a judgment of a court of last resort. *Quinn v. Nafta Traders, Inc.,* 257 S.W.3d 795, 798 (Tex. App. – Dallas 2008, pet. granted); *see CVN Group v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002) (arbitration award has the same effect as a judgment of a court of last resort, and a reviewing court may not substitute its judgment for that of the arbitrators merely because it would have reached a different decision). The arbitrator's award is conclusive as to all matters of fact and law. *Collins v. Tex. Mall, L.P.*, 297 S.W.3d 409, 415-16 (Tex. App. – Fort Worth 2009, no pet.), *citing Nafta Traders, Inc.,* 257 S.W.3d at 798. Review of an arbitration award is, in fact, so limited that the award may not be vacated even if there is a mistake of fact or law. *Rapid Settlements, Ltd. v. Symetra Life Ins. Co.,* 234 S.W.3d 788, 798 (Tex. App. – Tyler 2007, no pet.) (failure of arbitrator to correctly apply the law provides no basis for setting aside arbitrator's award); *Crossmark, Inc. v.*

*Hazar*, 124 S.W.3d 422, 429 (Tex. App. – Dallas 2004, pet. denied), *citing Anzilotti v. Gene D. Liggin, Inc.*, 899 S.W.2d 264, 266 (Tex. App. – Houston [14th Dist.] 1995, no writ) (holding that courts may not vacate arbitration award even when based upon mistake in fact or law).

As in this case, a party seeking judicial review of an arbitration award governed by the Texas General Arbitration Act (TAA) is limited to a review based on the grounds enumerated in the statute. TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.087, 171.088, & 171.091 (Vernon 2005); *Nafta Traders, Inc.,* 257 S.W.3d at 799. In fact, the TAA mandates confirmation of the arbitration award except where the statutory grounds set forth in Sections 171.088 or 171.091 of the TAA are offered for vacation, modification, or correction of the award. TEX. CIV. PRAC. & REM. CODE ANN. § 171.087 (Vernon 2005); *Nafta Traders, Inc.,* 257 S.W.3d at 799; *Callahan & Associates v. Orangefield Indep. Sch. Dist.*, 92 S.W.3d 841, 844 (Tex. 2002). Where there is no allegation of a statutory or common law ground to vacate or modify the arbitration award, we lack jurisdiction to review the arbitrator's decision. *Providian Bancorp Services v. Thomas*, 255 S.W.3d 411, 415 (Tex. App. – El Paso 2008, no pet.); *Lee v. El Paso County*, 965 S.W.2d 668, 671-72 (Tex. App. – El Paso 1998, pet. denied).

*Application of Law*

We first note that no record of the arbitration proceedings was presented to the trial court and none is before us now. As in the trial court below, because we do not have a record of the proceedings by which to consider Age Industries' complaints, because we do not know what evidence or law the arbitrator did or did not have before it for its consideration, and because we do not know what law the arbitrator did or did not apply in determining Edwards' award, we are ultimately unable to judge whether the alleged mistake of law and gross mistake occurred and, if it did occur, we cannot determine whether or not it deprived Age Industries of a fair arbitration

proceeding. *Statewide Remodeling, Inc.*, 244 S.W.3d at 568; *Jamison & Harris*, 939 S.W.2d at 737; *Grand Homes 96, L.P.*, 208 S.W.3d at 706; *GJR Mgmt Holdings, L.P.*, 126 S.W.3d at 263. We must, therefore, presume that the evidence was adequate to support the arbitrator's award. *Statewide Remodeling, Inc.*, 244 S.W.3d at 568; *Jamison & Harris*, 939 S.W.2d at 737.

Age Industries contends that no record of the arbitration proceedings is required in this appeal because it now raises questions of law. The arbitrator's award is conclusive as to all matters of fact and law, and we are mindful that even with the benefit of the arbitration record, which we do not have, our review of the arbitration award is so narrowly limited that we may not vacate the arbitration award even if the arbitrator committed a mistake of fact or law as Age Industries alleges in this instance. *Rapid Settlements, Ltd.,* 234 S.W.3d at 798; *Collins*, 297 S.W.3d at 415-16; *Nafta Traders, Inc.,* 257 S.W.3d at 798; *Crossmark, Inc.*, 124 S.W.3d at 429.

Appellant's two issues on appeal are overruled.

## CONCLUSION

The trial court's judgment is affirmed.

—————————————————————
GUADALUPE RIVERA, Justice

June 30, 2010

Before Chew, C.J., Rivera, J., and Gomez, Judge
Gomez, Judge, sitting by assignment