COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  | § |  |
|---|---|---|
|  |  | No. 08-11-00213-CV |
| IN THE MATTER OF | § |  |
|  |  | Appeal from |
| THE GUARDIANSHIP | § |  |
|  |  | Probate Court |
| OF JODI TYLER, | § |  |
|  |  | of Denton County, Texas |
| AN INCAPACITATED PERSON | § |  |
|  |  | (TC # PR-2010-00559) |

## **O P I N I O N**

Garrod Tyler appeals an order finding him unsuitable to serve as the guardian of Jodi Tyler, an incapacitated person, and appointing Julie Alonzo-Calteaux as guardian. For the reasons that follow, we affirm.

### **FACTUAL SUMMARY**

On March 25, 2010, Garrod Tyler filed a divorce petition against his wife, Jodi Tyler, in the 393rd District Court of Denton County (Cause Number 2010-60775-393. The district court granted Garrod's motion to appoint a guardian ad litem for Jodi and appointed Camille S. Milner. Milner filed a petition in the probate court for a court-initiated guardianship pursuant to Section 683 of the Probate Code. The probate court appointed Derbha Jones as the guardian ad litem for Jodi and appointed Jean Manion as the probate court investigator. The probate court later entered an order transferring the divorce action pursuant to Section 608 of the Probate

Code. Jodi's sister, Julie Alonzo-Calteaux, filed an application to be appointed the permanent guardian. Garrod subsequently non-suited the divorce and on the same date filed an application to be appointed Jodi's permanent guardian. On December 16, 2010, the probate court entered an order vacating any prior do-not-resuscitate orders pending further order of the court. Following a three-day bench trial occurring on March 21-23, 2011, the probate court determined that Garrod was disqualified and unsuitable to be appointed guardian and the court appointed Alonzo-Calteaux as Jodi's permanent guardian. The probate court filed written findings of fact and conclusions of law.

## INCOMPLETE REPORTER'S RECORD

Garrod Tyler contends in three issues that the probate court erred by giving certain rights to Alonzo-Calteaux (Issue One), by vacating all previously executed powers of attorney and do-not-resuscitate orders (Issue Two), and by finding him unsuitable and disqualified to serve as guardian (Issue Three). Alonzo-Calteaux responds that Tyler has waived all three issues because he has not provided a reporter's record of the three-day trial.

Under Rule 34.6(b) of the Rules of Appellate Procedure, an appellant must request in writing that the official court reporter prepare the reporter's record and designate the portions of the portions of the proceedings to be included. TEX.R.APP.P. 34.6(b). If the appellant requests a partial reporter's record, the appellant must include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues. TEX.R.APP.P. 34.6(c)(1). This gives other parties the opportunity to designate additional exhibits and portions of the testimony to be included in the reporter's record. TEX.R.APP.P. 34.6(c)(2). If the appellant complies with these requirements, the appellate court must presume that the partial

reporter's record constitutes the entire record for purposes of reviewing the stated points or issues. Tex.R.App.P. 34.6(c)(4).

The probate court's findings of fact and conclusions of law recite that the case was tried on March 21, 22, and 23, 2011, and the court heard the evidence and testimony of witnesses in support of the various applications for appointment of guardian of the person and estate of Jodi. The record does not include any request by Garrod for the reporter's record nor does it include any portion of the reporter's record from the trial on the merits conducted in March of 2011. We have been presented only with the reporter's record from a hearing on May 4, 2011 during which the probate court announced its ruling. The record also does not include any statement of the points or issues Garrod intended to raise on appeal as required by Rule 34.6(b). Absent compliance with Rule 34.6(c)'s requirements, we will not apply Rule 34.6(c)(4)'s presumption, and will instead presume that the omitted portions of the reporter's record are relevant and support the trial court's judgment. *See Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002); *In re A.W.P.*, 200 S.W.3d 242, 244-45 (Tex.App.--Dallas 2006, no pet.). We will now consider the impact of this presumption on the issues presented on appeal.

### *Issue One*

In Issue One, Garrod contends that the probate court erred by taking away certain rights from Jodi and giving them to Alonzo-Calteaux because the decision was contrary to findings made by the physician who examined her. In support of this argument, Garrod directs our attention to a document titled "Physician's Certificate of Medical Examination" which was attached as an exhibit to his amended application for appointment of a permanent guardian. The probate court conducted a three-day trial on the merits and received evidence and testimony on the issues, but the reporter's record of the trial has not been included in the appellate record. We

are required to presume that the omitted portions of the record are relevant to this issue and support the trial court's judgment. *See Bennett*, 96 S.W.3d at 229; *In re A.W.P.*, 200 S.W.3d at 244-45. Consequently, Issue One is overruled.

*Issue Two*

In his second issue, Garrod argues that the probate court erred by vacating all previously executed powers of attorney and do-not-resuscitate orders. These are two separate orders. The record reflects that the probate court entered an order on December 16, 2010 vacating all existing do-not-resuscitate orders regarding Jodi. The order was entered without a hearing. An appellate court is required to examine the entire record to determine whether an error probably caused the rendition of an improper judgment. TEX.R.APP.P. 44.1; *see Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990). Even if we determined that the probate court erred by entering the December 16, 2010 order, a matter we do not decide, we are unable to find reversible error due to the absence of the reporter's record.

The second part of this issue concerns an order entered on April 6, 2011 granting a motion filed by Jodi's guardian ad litem to suspend all medical powers of attorney executed by Jodi. The order also granted injunctive relief requested by the guardian ad litem. The order recites that the probate court considered the argument of counsel and prior sworn testimony. We are required to presume that the omitted portions of the reporter's record are relevant to the order and support it. Further, as was the case with the other order addressed in this same issue, the absence of the record prevents us from determining that any error is harmful. For these reasons, we overrule Issue Two.

*Issue Three*

In his third issue, Garrod challenges the trial court's ruling on the competing applications to be appointed guardian. An appellate court reviews a probate court's appointment of a guardian for an abuse of discretion. *In re Guardianship of Alabraba*, 341 S.W.3d 577, 579 (Tex.App.--Amarillo 2011, no pet.). We engage in a two-pronged inquiry: (1) Did the trial court have sufficient information upon which to exercise its discretion, and (2) did the trial court err in its application of discretion? *Hodson v. Keiser*, 81 S.W.3d 363, 367 (Tex.App.--El Paso 2002, no pet.); *Lindsey v. Lindsey*, 965 S.W.2d 589, 592 (Tex.App.-El Paso 1998, no pet.). The traditional sufficiency inquiry applies to the first question. *Hodson*, 81 S.W.3d at 367; *Lindsey*, 965 S.W.2d at 592. Once we have determined whether sufficient evidence exists, we must then decide whether the trial court made a reasonable decision. *Hodson*, 81 S.W.3d at 367. In other words, we must conclude that the ruling was neither arbitrary nor unreasonable. *Hodson*, 81 S.W.3d at 367.

In this case, the trial court has entered written findings of fact and conclusions of law in support of its determination that Garrod is unsuitable and disqualified from serving as the permanent guardian and that Alonzo-Calteaux is qualified and suitable to serve as the permanent guardian of the person of Jodi Tyler. Garrod challenges certain aspects of the findings and the probate court's ruling. In the absence of a reporter's record, we presume that sufficient evidence was introduced to support the findings of fact and the judgment. *Nelkin v. Panzer*, 833 S.W.2d 267, 268 (Tex.App.--Houston [1st Dist.] 1992, writ dism'd w.o.j.), *citing Mays v. Pierce*, 154 Tex. 487, 281 S.W.2d 79, 82 (1955). This is the same presumption applied to the judgment when the reporter's record is incomplete and the appellant has failed to comply with Rule 34.6(c). The probate court's findings of fact support its ruling on the applications for

appointment of a guarding. Accordingly, we find that the probate court did not abuse its discretion. Issue Three is overruled. Having overruled each issue, we affirm the judgment of the probate court.


April 17, 2013

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating