COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| DEANDER & FELHABER, LP; DELTA DISTRIBUTION & WAREHOUSE, INC.; | § | |
| F.C. FELHABER & CO., INC.; FCF HOLDINGS, LLC; | § | No. 08-18-00209-CV |
| FRANZ FELHABER, INDIVIDUALLY, AND FRANZ & MONICA FELHABER | § | Appeal from the |
| FAMILY LIMITED PARTNERSHIP, | § | 34th District Court |
| Appellants, | § | of El Paso County, Texas |
| v. | § | (TC# 2011-DCV01519) |
| PATRICIA A. MONTGOMERY, CPA, | § | |
| Appellee. | | |

## O P I N I O N

This is an appeal from a judgment confirming an arbitration award in favor of Patricia A.

Montgomery, CPA ("Appellee"). Appellants DeAnder & Felhaber, LP; Delta Distribution &

Warehouse, Inc.; F.C. Felhaber & Co., Inc.; FCF Holdings, LLC; Franz Felhaber, Individually,

and Franz & Monica Felhaber Family Limited Partnership (collectively, the "Felhaber Group")

challenge an evidentiary ruling made by the trial court before the case was referred to arbitration,

and further challenge the arbitrator's consideration of certain business records. We affirm.

## I. BACKGROUND

On August 1, 2008, Appellee purchased the assets, including accounts receivable, of Lee

H. Burkholder's accounting firm from Lee Burkholder's estate. In 2011, she filed suit against the Felhaber Group, later amended, to recover fees for services rendered both by Burkholder's firm prior to August 1, 2008, and by herself after that date. Appellee sought recovery based on a suit on a sworn account, breach of contract, and quantum meruit. Her suit on a sworn account was supported by affidavits of indebtedness signed by herself, which were accompanied by invoices reflecting services rendered to the Felhaber Group. The only invoices here at issue are those reflecting services rendered by Burkholder's firm ("Burkholder Invoices"). The Felhaber Group originally responded by filing a general denial, but later amended its answer to include a verified denial.[1]

Appellee filed two business records affidavits to authenticate certain records, including the Burkholder Invoices, which she intended to introduce at trial. *See* TEX. R. EVID. 902 (proponent of business records must serve records and accompanying affidavit on each other party at least 14 days prior to trial). One affidavit was signed by Alleen Burkholder, who was Lee Burkholder's widow and custodian of records for his estate. The other affidavit was signed by Appellee. The Felhaber Group moved to strike both affidavits, and the accompanying Burkholder Invoices, as hearsay. The trial court overruled the Felhaber Group's objections and denied the motion to strike in its entirety.

The following day, the court signed an agreed order referring the case to binding arbitration. The order further provided that "all Orders and Rulings of Open Court of Record entered by the Honorable Judge William Moody, Judge of the 34th Judicial District Court prior to

---

[1] The parties dispute the adequacy of the Felhaber Group's verified denial. Because our resolution of other issues is dispositive of this appeal, we do not reach the issue challenging Felhaber Group's denial.

the date of this Order shall remain in full force and effect and shall not be altered or changed in any way."

After an evidentiary hearing, the arbitrator rendered a decision in favor of Appellee on her suit on a sworn account,[2] awarding her both damages and attorney's fees. Appellee then filed a motion to confirm the arbitrator's award and to enter judgment on that award. The trial court found that the arbitration award should be confirmed and entered judgment accordingly. The Felhaber Group now seeks to overturn that judgment and the underlying arbitration award based on the admission into evidence of the business records affidavits and the Burkholder Invoices.

## II.  ISSUES

The Felhaber Group raises four issues on appeal. In its first two issues, it contends that the trial court erred by admitting the business records affidavits and Burkholder Invoices because they qualify as hearsay. The substance of its argument, though, is more precisely that the business records affidavits are insufficient to bring the Burkholder Invoices within the business records exception to the hearsay rule. In its third issue, the Felhaber Group contends that the trial court erred by confirming the arbitration award because it established through testimony at the arbitration hearing that the Burkholder Invoices are unreliable. In its final issue, the Felhaber Group urges that the amount of attorney's fees awarded to Appellee should be reduced to reflect the proportion of the invoices on which she can recover.

## III.  STANDARD OF REVIEW

### A.  Review of an arbitration award

---

[2] The arbitrator alternatively found that Appellee proved her quantum meruit claim relating to the Burkholder Invoices.

"Because Texas law favors arbitration, judicial review of an arbitration award is extraordinarily narrow." *E. Tex. Salt Water Disposal Co. v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010); *see Hoskins v. Hoskins*, 497 S.W.3d 490, 494 (Tex. 2016). This Court has held that the standard of review employed in reviewing confirmation of an arbitration award "depends on whether the trial court resolved any factual issues." *Las Palmas Med. Ctr. v. Moore*, 349 S.W.3d 57, 66 (Tex. App.—El Paso 2010, pet. denied). If fact findings are at issue, the review is for legal or factual sufficiency. *Id.* A court's legal conclusions, however, are reviewed *de novo*. *Id.*

## B. Review of an evidentiary ruling

Evidentiary rulings are reviewed for abuse of discretion. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012); *Bay Area Healthcare Grp., Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex. 2007) (per curiam). "A trial court abuses this discretion when it acts without regard for guiding rules or principles." *Waldrip*, 380 S.W.3d at 132 (citing *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998)). But even if a trial court's evidentiary ruling is an abuse of discretion, reversal is appropriate only if the error was harmful. *Id.*; TEX. R. APP. P. 44.1.

## IV. DISCUSSION

## A. Grounds for challenging the arbitration award

We first note that the Felhaber Group asserts in its first two issues that the trial court erred by admitting the business records affidavits, with accompanying Invoices, from affiants Patricia Montgomery, CPA, and Alleen Burkholder. And, as stated earlier, the Felhaber Group asserts in its third issue that the trial court erred by confirming the arbitration award based on Invoices that were hearsay, unreliable, and were only otherwise supported by an expert report that merely re-stated the hearsay in the form of an expert report. In its final issue, which is contingent on at least

4

partial success on at least one of the prior three issues, the Felhaber Group seeks a reduction in the award of attorney's fees proportional to the amount of the invoices upon which Appellee can recover. From these four issues, we glean that the ultimate goal of the appeal is to vacate or modify that portion of the arbitration award (as incorporated into the trial court's judgment) awarding damages for services rendered by Burkholder's firm, and to proportionally modify that portion of the award granting attorney's fees. Given the nature of these challenges, we must initially address, as a threshold matter, the cognizable grounds for vacating or modifying an arbitration award under the Texas General Arbitration Act ("TAA"). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.087, .088, and .091.

Based on a plain reading of the TAA, the Texas Supreme Court held that a court may vacate or modify an arbitration award *only* if the party challenging the award demonstrates a ground specifically enumerated in the statute. *Hoskins*, 497 S.W.3d at 495; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 171.087. In the absence of any such statutory ground, the Supreme Court reiterated that "the court *shall* confirm the award." *Hoskins*, 497 S.W.3d at 495 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 171.087). Said differently, "a party may avoid confirmation only by demonstrating a ground expressly listed in section 171.088." *Id.*

The TAA states the following grounds for vacating an arbitration award:

(1)   the award was obtained by corruption, fraud, or other undue means;
(2)   the rights of a party were prejudiced by:
    (A)   evident partiality by an arbitrator appointed as a neutral arbitrator;
    (B)   corruption in an arbitrator; or
    (C)   misconduct or wilful misbehavior of an arbitrator;
(3)   the arbitrators:
    (A)   exceeded their powers;

5

> (B) refused to postpone the hearing after a showing of sufficient cause for the postponement;
>
> (C) refused to hear evidence material to the controversy; or
>
> (D) conducted the hearing, contrary to Section 171.043, 171.044, 171.045, 171.046, or 171.047, in a manner that substantially prejudiced the rights of a party; or
>
> (4) there was no agreement to arbitrate, the issue was not adversely determined in a proceeding under Subchapter B, and the party did not participate in the arbitration hearing without raising the objection.

TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a).

> The statutorily enumerated grounds for modifying or correcting an award are:
>
> (1) the award contains:
>
> (A) an evident miscalculation of numbers; or
>
> (B) an evident mistake in the description of a person, thing, or property referred to in the award;
>
> (2) the arbitrators have made an award with respect to a matter not submitted to them and the award may be corrected without affecting the merits of the decision made with respect to the issues that were submitted; or
>
> (3) the form of the award is imperfect in a manner not affecting the merits of the controversy.

TEX. CIV. PRAC. & REM. CODE ANN. § 171.091(a).

Here, the Felhaber Group seeks vacatur or modification of the arbitration award on the grounds that (1) the trial court committed evidentiary error before the case was referred to arbitration by refusing to strike certain business records affidavits, and (2) the arbitrator committed error by considering the Burkholder Invoices because they were unreliable. These alleged errors, however, are not encompassed within any of the statutorily enumerated grounds for award vacatur or modification. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.088(a), 171.091(a). Thus, the trial court in this case had no option but to confirm the award, and the Felhaber Group has presented no ground upon which this Court may disturb that confirmation. *See Hoskins*, 497

6

S.W.3d at 495 (court shall confirm award if no statutory grounds to vacate or modify are presented); *Las Palmas*, 349 S.W.3d at 64 ("a reviewing court is not authorized to set aside an arbitration award for a mere mistake of fact or law").

Because no cognizable ground exists for vacating or modifying the award at issue under the TAA, we preliminarily overrule the four issues presented for our review to the extent they raise any such statutory basis.

## B. Alleged pre-arbitration evidentiary error

Nonetheless, out of an abundance of caution, we further address the Felhaber Group's first two issues to the extent they raise contentions claiming that the trial court committed error before the arbitration proceeding by its ruling denying the Felhaber Group's motion to strike which resulted in the admission of Appellee's and Alleen Burkholder's business records affidavits into evidence, as well as the admission of the accompanying Burkholder Invoices. The Felhaber Group urges that the trial court assured it, before entering the agreed order referring the case to arbitration, that its denial of the motion to strike would be appealable after the conclusion of the arbitration proceedings. That notion is apparently the genesis of the provision in the agreed order precluding the arbitrator from changing any of the trial court's existing rulings. But based on the authority cited above, we question whether the trial court possessed the authority to enlarge the grounds on which the arbitration award may be challenged, even with the parties' agreement. *See Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 101 (Tex. 2011) ("An arbitration award is not susceptible to full judicial review merely because the parties have agreed.").

We begin by first noting that the trial court did not admit the business records affidavits or the underling invoices into evidence. Rather, it simply overruled the Felhaber Group's pretrial/pre-

arbitration motion to strike them. Contrary to the Felhaber Group's contention on appeal, this ruling, even combined with the agreed order's prohibition against changing the court's existing rulings, did not require the arbitrator to admit the Burkholder Invoices into evidence. It only precluded him from excluding the invoices on any ground raised in the motion to strike because those grounds had already been rejected by the trial court.

The crux of the Felhaber Group's argument is that, if the trial court had granted the Felhaber Group's motion to strike the business records affidavits, that ruling would have been binding on the arbitrator and those affidavits would not have been available to authenticate the Burkholder Invoices as business records. It further argues that, without the business records affidavits, the Burkholder Invoices would have been excluded as hearsay, and Appellee could not have recovered on her suit on a sworn account. The starting point of our analysis, then, requires us to identify the evidentiary significance of the business records affidavits.

The purpose of a business records affidavit is to satisfy the requirements of Rule 803(6) of the Texas Rules of Evidence. *See* TEX. R. EVID. 803(6) (proof required by rule may be made by affidavit); TEX. R. EVID. 902(10) (setting out form and content of business records affidavit). That rule provides that a proponent of records that would otherwise be excluded as hearsay may establish their admissibility by showing that: "(1) the records were made and kept in the course of a regularly conducted business activity; (2) it was the regular practice of the business activity to make them; (3) they were made at or near the time of the event they record; and (4) they were made by a person with knowledge who was acting in the regular course of business." *Granbury Marina Hotel, L.P. v. Berkel & Co. Contractors, Inc.*, 473 S.W.3d 834, 842 (Tex. App.—El Paso 2015, no pet.) (citing TEX. R. EVID. 803(6)); *see Kmart Stores of Texas, L.L.C. v. Ramirez*, 510

S.W.3d 559, 568 (Tex. App.—El Paso 2016, pet. denied).

Appellee offered her own affidavit and the Burkholder affidavit to establish that the Burkholder Invoices met this business records exception to the hearsay rule. *See* TEX. R. EVID. 803(6). But the Felhaber Group argues that the affidavits fail to satisfy rule 803(6) in a variety of respects and, therefore, are insufficient to remove the Burkholder Invoices from the general rule excluding hearsay. *See* TEX. R. EVID. 802 (hearsay is generally not admissible). We need not address the merits of this argument, though, because the Felhaber Group has not additionally demonstrated that the trial court's failure to strike the affidavits, even if error, caused harm which requires a reversal of an improper judgment. *See* TEX. R. APP. P. 44.1; *Waldrip*, 380 S.W.3d at 132.

"Erroneous admission of evidence requires reversal only if the error probably (though not necessarily) resulted in an improper judgment." *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004); *see Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 883 (Tex. 2014). In conducting the required harm analysis, "[w]e review the entire record, and require the complaining party to demonstrate that the judgment turns on the particular evidence admitted." *Armstrong*, 145 S.W.3d at 144; *accord Ruiz*, 432 S.W.3d at 883. The entire record in this case encompasses not only the hearing before the trial court on the Felhaber Group's motion to strike, but also the hearing before the arbitrator on the merits of the asserted claims.

Our record does not contain a reporter's record from the arbitration hearing. This omission is fatal to the Felhaber Group's assertion of evidentiary error because, without a complete record, we cannot conduct the necessary harmful error review. *See Ruiz*, 432 S.W.3d at 883 (harm analysis for evidentiary error requires review of entire record); *Armstrong*, 145 S.W.3d at 144 (same). The

9

principles that guide our review are no different merely because this case arises in the context of arbitration. "A court must have a sufficient record of the arbitral proceedings, and complaints must have been preserved, all as if the award were a court judgment on appeal." *Nafta Traders*, 339 S.W.3d at 101. Thus, the Felhaber Group was required to demonstrate that the alleged evidentiary error probably resulted in an improper judgment. *Armstrong*, 145 S.W.3d at 144; *accord Ruiz*, 432 S.W.3d at 883. And it could not sustain that burden in the absence of a full record unless it complied with the appellate rule governing the filing of a partial reporter's record. *See* TEX. R. APP. P. 34.6(c).

Appellate rule 34.6 provides, "[i]f the appellant requests a partial reporter's record, the appellant must include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues." TEX. R. APP. P. 34.6(c)(1). The appellee may then designate additional portions of the reporter's record be included. TEX. R. APP. P. 34.6(c)(1). If this procedure is followed, "[t]he appellate court must presume that the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated points or issues." TEX. R. APP. P. 34.6(c)(4); *see In re Tyler*, 408 S.W.3d 491, 494 (Tex. App.—El Paso 2013, no pet.). If, however, the appellant does not comply with this rule, then the appellate court must "presume that the omitted portions of the reporter's record are relevant and support the trial court's judgment." *In re Tyler*, 408 S.W.3d at 494 (citing *Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002)). This presumption applies in the arbitration context:

> A non-prevailing party seeking to vacate or modify an arbitrator's award has the burden to bring forth in the trial court a complete record of arbitration proceedings and establish any basis, including constitutional grounds, which would warrant the trial court's entry of a vacated or modified judgment. When there is no transcript of the arbitration hearing, a court is unable to determine what evidence the arbitrator

10

refused to hear or what evidence was offered before the arbitrator and we will, consequently, presume the evidence was adequate to support the award.

*Age Indus., Ltd. v. Edwards*, 318 S.W.3d 461, 463 (Tex. App.—El Paso 2010, pet. denied).

The Texas Supreme Court in *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990), recognized the significance of complying with the rule governing partial reporter's records in the context of conducting a harm analysis: "When an appellant has neither complied with rule [34.6(c)][3] nor filed a complete statement of facts, the reviewing court is unable to ascertain whether a particular ruling by the trial court is harmful in the context of the entire case." Such is the case before us.

Here, the Felhaber Group did not bring forth a complete record of the arbitration proceedings. In addition, its notice of appeal does not include a statement of points or issues to be presented on appeal. Rather, that notice states that the Felhaber Group intends to appeal all portions of the judgment and all issues raised during the case. In these circumstances, we presume that the omitted arbitration record is relevant to the Felhaber Group's issues on appeal, including the issue of harm, and that it supports the arbitration award and the trial court's confirmation of that award. *See id.*; *In re Tyler*, 408 S.W.3d at 494; *Age Indus.*, 318 S.W.3d at 463.

The Felhaber Group nevertheless argues that harm is apparent, even in the absence of a record from the arbitration proceedings, because the award for Appellee's suit on a sworn account necessarily rests on the Burkholder Invoices which, in turn, rest on the challenged business records affidavits. The flaw in this argument, however, is that it assumes that striking the business records affidavits would have further required the arbitrator to exclude the Burkholder Invoices from

---

[3] *Christiansen* was decided before the 1997 amendments to the Texas Rules of Appellate Procedure. For clarity, we substitute the current rule number.

11

evidence.

As noted above, the Texas Rules of Evidence permit a proponent of business records to overcome a hearsay objection by submitting an affidavit containing specified information. *See* TEX. R. EVID. 803(6), 902(10). But this is not the only means of overcoming such an objection. Rule 803(6) also states that the required authentication information may be "shown by the testimony of the custodian or another qualified witness . . . ." TEX. R. EVID. 803(6). Thus, even if the business records affidavits in this case were deficient in some respect, the Burkholder Invoices would still have been admissible at the arbitration hearing if the rule 803(6) predicate was satisfied by the testimony of a qualified witness. Indeed, the arbitrator's written award indicates that Appellee did, in fact, present such predicate testimony.

In explaining his reasoning for the award, the arbitrator states that testimony in support of Appellee's claims was presented by Patricia Montgomery; Alleen Burkholder ("Lee Burkholder's [w]ife and the clerical person at his firm"); Paz Bustillos ("a bookkeeper at Burkholder's firm"); and Corrine Beaton ("an employee of Mr. Burkholder's firm"). The arbitrator expressly found each of these witnesses to be "very credible . . . ." He also stated that "[t]he work of Beaton, Bustillos, Marrufo[4] and Burkholder that supported each invoice was set out in detail in the evidence provided by Plaintiff." In addition, "[f]or each of the 39 invoices in question, Plaintiff presented time and charges backup and the time sheets of each person whose work was charged on each such invoice. These were all admitted in a large three-ring binder. Plaintiff also admitted three large three-ring binders of supporting documentation."

---

[4] Claudia Marrufo had also been an employee of the Burkholder firm. She testified in support of the Felhaber Group, but the arbitrator expressly found her testimony to lack credibility.

We cannot know from these references the exact content of the evidence presented at the hearing that would support the admission of the Burkholder Invoices. But, in the absence of a reporter's record from the hearing, we cannot conclude that the referenced evidence was *not* sufficient to satisfy rule 803(6), independently of the business records affidavits. On the contrary, because the Felhaber Group did not comply with the procedure for filing a partial reporter's record, we must presume that the evidence before the arbitrator was sufficient to satisfy rule 803(6). *See In re Tyler*, 408 S.W.3d at 494; *Age Indus.*, 318 S.W.3d at 463.

In short, we conclude that the admissibility of the Burkholder Invoices did not necessarily hinge on the sufficiency of the disputed business records affidavits. For this reason, the Felhaber Group has not demonstrated that any error by the trial court in refusing to strike those affidavits was harmful. *See* TEX. R. APP. P. 44.1.

Issues One and Two are overruled in their entirety.

## C. Confirmation of the arbitration award

Issue Three challenges the trial court's confirmation of the arbitration award rather than the court's pre-arbitration evidence ruling. It therefore does not implicate our concern arising from the trial court's assurance of the appealability of that ruling. In fact, the substance of the argument under Issue Three depends on testimony presented at the arbitration hearing.[5] Nonetheless, we conclude that Issue Three is fully resolved by our holding above in that it likewise fails to present a statutorily-enumerated ground for vacating or modifying an arbitration award. *See Hoskins*, 497

---

[5] The Felhaber Group argues that it established that the Burkholder Invoices are unreliable through the testimony of Claudia Marrufo and Franz Felhaber, both of whom the arbitrator found to lack credibility. It also argues that admitting the invoices cannot be supported by expert testimony given by Appellee because that testimony was irrelevant and unreliable.

S.W.3d at 495 (court shall confirm award if no statutory grounds to vacate or modify are presented); *Las Palmas*, 349 S.W.3d at 64.

Issue Three is overruled in its entirety.

**D. Award of attorney's fees**

In its final issue on appeal, the Felhaber Group contends that, because Appellee cannot recover on the Burkholder Invoices, the award of attorney's fees should be proportionately reduced. This claim is contingent on the Felhaber Group succeeding on at least one of its first three issues. Because we have overruled those issues, we conclude that this contingency has not been met.

Issue Four is overruled in its entirety.

## V. CONCLUSION

The Felhaber Group has not presented any cognizable grounds for vacating or modifying the arbitration award. The trial court therefore did not err by confirming that award and entering judgment on it. Further, insofar as we have authority to address the Felhaber Group's challenge to the trial court's pre-arbitration evidentiary ruling, we conclude that the record does not demonstrate any reversible error.

The judgment of the trial court is affirmed.


GINA M. PALAFOX, Justice

December 10, 2020

Before Alley, C.J., Rodriguez, and Palafox, JJ.

14