**In the Interest of L.C.H. and K.G.H.**

**No. 2–02–057–CV.**

Court of Appeals of Texas,
Fort Worth.

June 20, 2002.

Sheils, Winnubst, Sandford & Bethume, Mark D. Winnubst and Braddock J. Huesman, Richardson, for Appellant.

Leslie Combs, Fort Worth, for Appellee.

Panel B: DAY, DAUPHINOT, and HOLMAN, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

Appellant, the father of two children, was divorced from their mother (Appellee) on October 3, 1995. The final divorce decree divided their property and ordered Appellant to pay an amount of monthly child support that he agreed to. After the decree was final, Appellant defaulted on

the payments, so Appellee filed a motion to enforce the court-ordered child support and to recover her attorney's fees. The trial court granted Appellee judgment for those sums, $140,485.23 in child support and $9,075 in attorney's fees, and Appellant appeals. Appellant argues that his child support obligation was cancelled on March 8, 2000 by his discharge from bankruptcy. We disagree with that argument and affirm.

## Standards of Review

■ There is no reporter's record, because the parties waived it when the case was submitted to the trial court on their agreed stipulations. However, the judgment contains numerous fact findings. Where a reporter's record is not requested, the trial court's findings of fact are conclusive, and we presume that sufficient evidence was introduced to support the findings and the judgment based on them. *Bryant v. United Shortline, Inc.*, 972 S.W.2d 26, 31 (Tex.1998); *Peacock v. Bradshaw*, 145 Tex. 68, 194 S.W.2d 551, 554 (1946). We still will consider questions of law even if there is no reporter's record. *Segrest v. Segrest*, 649 S.W.2d 610, 611 (Tex.), *cert. denied*, 464 U.S. 894, 104 S.Ct. 242, 78 L.Ed.2d 232 (1983); *Little v. McAninch*, 896 S.W.2d 199, 201 (Tex. App.-Houston [1st Dist.] 1994, writ denied).

■ Here, the trial court also entered an order under section 158.001 of the Texas Family Code ordering Appellant's employer to withhold money from Appellant's paycheck equal to half of his disposable earnings and to remit the money to the Denton County Child Support Office. *See* TEX. FAM.CODE ANN. § 158.001 (Vernon 1996). Appellant asks us to remand the case to the trial court to address whether the withholding order was entered without any pleadings to support it and with no

hearing regarding the hardship the order places on Appellant. He says entry of the order was an abuse of the trial court's discretion. To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. *See Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex.1999); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Downer*, 701 S.W.2d at 241–42.

■ An abuse of discretion does not occur where the trial court bases its decisions on conflicting evidence. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978); *see also Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex.1997). Furthermore, an abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court's decision. *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex.App.-Houston [1st Dist.] 1993, writ denied).

## The Hearing

■ The trial court's order states that the court heard the evidence and considered the pleadings, agreed stipulations, and arguments of counsel. Among the trial court's findings in the order is a quote from the original divorce decree, which Appellant's attorney prepared:

The Court further finds that the parties *have agreed upon child support* and it is agreed that [Appellant] will pay child support as follows:

1. During the period of the sale of the property located on Sam Davis Road, [Appellant] shall pay all bills including utility bills, gasoline bills, and expenses incurred for horses (feed, bedding, shoeing and veterinary expenses) and shall pay to [Appellee] $1,000 per month for food and clothing, said $1,000 due and payable on the 25th day of each month beginning February 25, 1997, and continuing on the 25th day of each month thereafter until further order of this Court. All bills shall include the mortgage payment on the property at Sam Davis Road.

2. Upon sale of the property, [Appellant] shall cease to pay all utility bills and shall not pay any further mortgage payments but shall pay $1,750 per month per child until each reaches the age of 18. That is, upon reaching the age of 18 years or graduation from high school, whichever is latest, the child support for that particular child shall cease to be paid.

3. Additionally, [Appellant] shall maintain health insurance for the children until each reaches the age of 18 years. [Emphasis added.]

The stipulations agreed to by the parties and submitted to the trial court for the hearing contain the same quote, as well as agreements that Appellant filed for bankruptcy in the Eastern District of Texas on November 17, 1999, that his debts were discharged on March 8, 2000, and that pursuant to federal bankruptcy law and federal case law, child support and attorney's fees incurred in connection with "post-divorce/child-support litigation" are nondischargeable debts.

Specifically, the relevant portion of the Bankruptcy Code states:

(a) A discharge under 727 ... of this title does not discharge an individual debtor from any debt—

. . . .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, a divorce decree or other order of the court....

11 U.S.C.A. § 523(a)(5) (West Supp.2002).

■ The trial court properly awarded child support and attorney's fees that are due to Appellee and detailed in the order. Appellant accepted the trial court's findings recited in the order without requesting any additional findings of fact or conclusions of law. Under the circumstances, the trial court's judgment implies all necessary findings of fact in support of it. *See Pharo v. Chambers County,* 922 S.W.2d 945, 948 (Tex.1996). We hold that the trial court's decision to require Appellant to pay the child support and the attorney's fees was proper. We overrule Appellant's first issue. His second issue asks whether expenses related to horses are a necessity and therefore nondischargeable. The answer in this case is yes, given the lifestyle of Appellant's two children, and the agreement Appellant's attorney placed in the divorce decree, and the agreed stipulations we have already mentioned. We overrule Appellant's second issue.

### The Withholding Order

■ The withholding order is the subject of Appellant's third issue. Family code sections 158.004, 158.0051, and 158.005 instruct trial courts to enter withholding orders for payment of child support arrearages and attorney's fees incurred in seeking enforcement. TEX. FAM. CODE ANN. §§ 158.004–.0051 (Vernon 1996 & Supp.2002). Appellant complains that he had no notice that Appellee was seeking a withholding order because she did not request a withholding order in her motion to

enforce Appellant's child support obligations. But the record shows that the trial court originally entered its withholding order on February 27, 2001. Thereafter, the trial court granted Appellant's bill of review, considered Appellant's arguments about whether part of his child support obligations had been discharged in bankruptcy, and then re-entered the withholding order on December 28, 2001. Accordingly, Appellant's complaint that he had no notice that Appellee was seeking a withholding order fails. We hold that the trial court did not abuse its discretion by entering the withholding order and overrule issue three.

### Conclusion

Having carefully considered Appellant's three issues and having overruled each of them, we affirm the trial court's judgment.