TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00292-CV






Daniel James Caldwell, Appellant


v.


Jennifer E. Goodfellow Caldwell, Appellee






FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY,
NO. 09-3577-FC4, HONORABLE JOHN MCMASTER, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Appellant Daniel James Caldwell ("Daniel") has appealed from the final decree in
his divorce proceeding from appellee Jennifer E. Goodfellow Caldwell ("Jennifer"). (1) Daniel asserts
the court erred in granting the divorce based on no fault-grounds, assigning the rights and duties of
the parents, dividing the marital estate, denying his motion for new trial, and failing to respond to
his request for findings of fact and conclusions of law. For reasons that follow, we affirm the trial
court's judgment.


BACKGROUND


 The parties were married in July 2007. In 2009, citing insupportability, Jennifer filed
for divorce. After a bench trial on May 4, 2010, the trial court divided the parties' marital estate and
appointed the parties joint managing conservators of their minor son. Jennifer was appointed
primary conservator and Daniel was allowed possession of the child pursuant to a standard
possession order modified by the couple. Shortly thereafter, upon Daniel's instruction, Daniel's
attorney requested permission to withdraw.

 Daniel filed a motion for new trial and notice of appeal on May 14, 2010, and on
May 26, 2010, the final decree of divorce was rendered. Daniel filed an affidavit of indigence on
appeal, which Jennifer contested. After a hearing, the trial court sustained Jennifer's contest to
Daniel's affidavit of inability to pay appellate costs, an order this Court affirmed upon Daniel's
appeal. (2) Daniel's motion for new trial was denied on July 16, 2010. On September 23, 2010, he
filed both a motion to modify the divorce decree nunc pro tunc and a request that the trial court
provide findings of fact and conclusions of law. The nunc pro tunc final decree of divorce was
rendered on October 18, 2010, and Daniel filed a notice of past due findings of fact and conclusions
of law on November 4, 2010.


DISCUSSION


 On August 16, 2012, this Court ordered Daniel to pay or make arrangements to pay
for the reporter's record by September 17, 2012, and inform the clerk of the Court by letter what
payments or arrangements to pay he had made. (3) To date, Daniel has failed to comply with this
Court's order.


 If the clerk's record has been filed but the court reporter has not filed a reporter's
record because the appellant did not pay or make arrangements to pay the reporter's preparation fee, 
an appellate court may--after first giving the appellant notice and a reasonable opportunity to
cure--decide those issues that do not require a reporter's record for a decision. See Tex. R. App.
P. 37.3(c); see also Office of Pub. Util. Counsel v. Public Util. Comm'n, 878 S.W.2d 598, 599-600
(Tex. 1994) (appellate court must identify and address issues not requiring reporter's record if clerk's
record has been filed). In this case, the clerk's record has been filed, but no reporter's record has
been filed, and Daniel has been given notice and a reasonable opportunity to cure. Accordingly, we
will identify and address those issues not requiring the reporter's record. See Office of Pub. Util.
Counsel, 878 S.W.2d at 599-600

 In his first issue, Daniel argues that the evidence is insufficient to support a "no fault"
divorce. He contends in his second issue that the court erred in its division of the marital estate and
in assigning the rights and duties of the parents. In his fourth issue, Daniel asserts that the divorce
decree was contrary to the evidence and thus the court erred in denying his motion for new trial. (4) 
These issues require us to review the sufficiency of the evidence supporting the court's decree of
divorce and the order denying Daniel's motion for new trial. None of these issues can be decided
without a reporter's record.

 Without a reporter's record of the hearing on which the court's findings recited in the
divorce decree were based, we cannot conclude that the evidence is insufficient to support the trial
court's findings and the judgment based on them. See Bryant v. United Shortline Inc. Assurance
Servs., N.A., 972 S.W.2d 26, 31 (Tex. 1998) ("We indulge every presumption in favor of the trial
court's findings in the absence of a statement of facts."); In re Spiegel, 6 S.W.3d 643, 646 (Tex.
App.--Amarillo 1999, no pet.) ("Without a reporter's record we do not know what, if any, evidence
was presented to the trial court."). Indeed, in the absence of the reporter's record, we must presume
that the missing evidence supported the trial court's judgment. Bennett v. Cochran, 96 S.W.3d 227,
230 (Tex. 2002); Schafer v. Conner, 813 S.W.2d 154, 155 (Tex. 1991). We overrule Daniel's first,
second, and fourth issues.

 We still will consider questions of law even if there is no reporter's record. Segrest
v. Segrest, 649 S.W.2d 610, 611 (Tex.), cert. denied, 464 U.S. 894 (1983); In re L.C.H. & K.G.H.,
80 S.W.3d 689, 691 (Tex. App.--Fort Worth 2002, no pet.). In his fifth issue, Daniel argues the trial
court erred in declining to file findings of fact and conclusions of law as he had requested. On
May 26, 2010, the trial court rendered its final decree of divorce, and Daniel's motion for new trial
was denied on July 16, 2010. On September 24, 2010, Daniel filed both a request for findings of fact
and conclusions of law and a motion for nunc pro tunc modification of the divorce decree. The nunc
pro tunc final decree of divorce was rendered on October 18, 2010, and on November 4, 2010,
Daniel filed a notice of past due fact findings and conclusions.

 Within 20 days after a judgment is signed, a party may request the court to state in
writing its fact findings and conclusions of law. See Tex. R. Civ. P. 296. The court shall file its fact
findings and conclusions within 20 days after a timely request is filed. See Tex. R. Civ. P. 297 (time
to file findings and conclusions). If the court fails to timely file findings of fact and conclusions of
law, the party making the request shall, within 30 days after filing the original request, file a notice
of past due findings of fact and conclusions of law. Id.

 A nunc pro tunc judgment is one rendered to correct non-substantive clerical errors
after the court loses its plenary power. See Tex. R. Civ. P. 316 (allowing correction of clerical errors
in the judgment); see also Black's Law Dictionary 920 (9th ed. 2009) (nunc pro tunc judgment
defined as "a judgment entered on a day after the time when it should have been entered, as of
the earlier date"). Daniel claims that, by signing the nunc pro tunc final divorce decree on
October 18, 2010, the trial court extended the deadlines for both his request for findings of fact and
conclusions of law and notice of past due fact findings and conclusions of law.

 Although Texas Rule of Civil Procedure 306a(6) extends the deadline for requesting
findings of fact and conclusions of law after a nunc pro tunc order has been signed, the deadline is
extended only for those complaints that are inapplicable to the original document. See Tex. R. Civ.
P. 306a(6). All of Daniel's complaints on appeal are applicable to the original decree of divorce
rendered on May 26, 2010, making both his request for findings of fact and conclusions of law
dated September 24, 2010, and his notice of past due fact findings and conclusions dated
November 4, 2010, untimely. See Tex. R. Civ. P. 296, 297. We overrule Daniel's fifth issue.


CONCLUSION


 We affirm the trial court's decree of divorce.



 __________________________________________

 Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed: November 8, 2012
1. Because both parties have the same last name, we will refer to them by their first names.
2. See Caldwell v. Caldwell, No. 03-10-00292, 2012 WL3704978 (Tex. App.--Austin
Aug.16, 2012, order).
3. Id.
4. In his third issue, Daniel claims the trial court erred in sustaining Jennifer's contest to
Daniel's affidavit of inability to pay appellate costs, an issue this Court has already reached in its
order of August 16, 2012, see id., and need not reach here.