# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00292-CV

**Daniel James Caldwell, Appellant**

**v.**

**Jennifer E. Goodfellow Caldwell, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY,
NO. 09-3577-FC4, HONORABLE JOHN MCMASTER, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Daniel James Caldwell ("Daniel") has appealed from the final decree in his divorce proceeding from appellee Jennifer E. Goodfellow Caldwell ("Jennifer").[1] Daniel asserts the court erred in granting the divorce based on no fault-grounds, assigning the rights and duties of the parents, dividing the marital estate, denying his motion for new trial, and failing to respond to his request for findings of fact and conclusions of law. For reasons that follow, we affirm the trial court's judgment.

## BACKGROUND

The parties were married in July 2007. In 2009, citing insupportability, Jennifer filed for divorce. After a bench trial on May 4, 2010, the trial court divided the parties' marital estate and

---

[1] Because both parties have the same last name, we will refer to them by their first names.

appointed the parties joint managing conservators of their minor son. Jennifer was appointed primary conservator and Daniel was allowed possession of the child pursuant to a standard possession order modified by the couple. Shortly thereafter, upon Daniel's instruction, Daniel's attorney requested permission to withdraw.

Daniel filed a motion for new trial and notice of appeal on May 14, 2010, and on May 26, 2010, the final decree of divorce was rendered. Daniel filed an affidavit of indigence on appeal, which Jennifer contested. After a hearing, the trial court sustained Jennifer's contest to Daniel's affidavit of inability to pay appellate costs, an order this Court affirmed upon Daniel's appeal.[2] Daniel's motion for new trial was denied on July 16, 2010. On September 23, 2010, he filed both a motion to modify the divorce decree nunc pro tunc and a request that the trial court provide findings of fact and conclusions of law. The nunc pro tunc final decree of divorce was rendered on October 18, 2010, and Daniel filed a notice of past due findings of fact and conclusions of law on November 4, 2010.

## DISCUSSION

On August 16, 2012, this Court ordered Daniel to pay or make arrangements to pay for the reporter's record by September 17, 2012, and inform the clerk of the Court by letter what payments or arrangements to pay he had made.[3] To date, Daniel has failed to comply with this Court's order.

---

[2] *See Caldwell v. Caldwell*, No. 03-10-00292, 2012 WL3704978 (Tex. App.—Austin Aug.16, 2012, order).

[3] *Id.*

2

If the clerk's record has been filed but the court reporter has not filed a reporter's record because the appellant did not pay or make arrangements to pay the reporter's preparation fee, an appellate court may—after first giving the appellant notice and a reasonable opportunity to cure—decide those issues that do not require a reporter's record for a decision. *See* Tex. R. App. P. 37.3(c); *see also Office of Pub. Util. Counsel v. Public Util. Comm'n*, 878 S.W.2d 598, 599-600 (Tex. 1994) (appellate court must identify and address issues not requiring reporter's record if clerk's record has been filed). In this case, the clerk's record has been filed, but no reporter's record has been filed, and Daniel has been given notice and a reasonable opportunity to cure. Accordingly, we will identify and address those issues not requiring the reporter's record. *See Office of Pub. Util. Counsel*, 878 S.W.2d at 599-600

In his first issue, Daniel argues that the evidence is insufficient to support a "no fault" divorce. He contends in his second issue that the court erred in its division of the marital estate and in assigning the rights and duties of the parents. In his fourth issue, Daniel asserts that the divorce decree was contrary to the evidence and thus the court erred in denying his motion for new trial.[4] These issues require us to review the sufficiency of the evidence supporting the court's decree of divorce and the order denying Daniel's motion for new trial. None of these issues can be decided without a reporter's record.

Without a reporter's record of the hearing on which the court's findings recited in the divorce decree were based, we cannot conclude that the evidence is insufficient to support the trial

---

[4] In his third issue, Daniel claims the trial court erred in sustaining Jennifer's contest to Daniel's affidavit of inability to pay appellate costs, an issue this Court has already reached in its order of August 16, 2012, *see id.,* and need not reach here.

3

court's findings and the judgment based on them. *See Bryant v. United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998) ("We indulge every presumption in favor of the trial court's findings in the absence of a statement of facts."); *In re Spiegel*, 6 S.W.3d 643, 646 (Tex. App.—Amarillo 1999, no pet.) ("Without a reporter's record we do not know what, if any, evidence was presented to the trial court."). Indeed, in the absence of the reporter's record, we must presume that the missing evidence supported the trial court's judgment. *Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002); *Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991). We overrule Daniel's first, second, and fourth issues.

We still will consider questions of law even if there is no reporter's record. *Segrest v. Segrest*, 649 S.W.2d 610, 611 (Tex.), *cert. denied*, 464 U.S. 894 (1983); *In re L.C.H. & K.G.H.*, 80 S.W.3d 689, 691 (Tex. App.—Fort Worth 2002, no pet.). In his fifth issue, Daniel argues the trial court erred in declining to file findings of fact and conclusions of law as he had requested. On May 26, 2010, the trial court rendered its final decree of divorce, and Daniel's motion for new trial was denied on July 16, 2010. On September 24, 2010, Daniel filed both a request for findings of fact and conclusions of law and a motion for nunc pro tunc modification of the divorce decree. The nunc pro tunc final decree of divorce was rendered on October 18, 2010, and on November 4, 2010, Daniel filed a notice of past due fact findings and conclusions.

Within 20 days after a judgment is signed, a party may request the court to state in writing its fact findings and conclusions of law. *See* Tex. R. Civ. P. 296. The court shall file its fact findings and conclusions within 20 days after a timely request is filed. *See* Tex. R. Civ. P. 297 (time to file findings and conclusions). If the court fails to timely file findings of fact and conclusions of

4

law, the party making the request shall, within 30 days after filing the original request, file a notice of past due findings of fact and conclusions of law. *Id.*

A nunc pro tunc judgment is one rendered to correct non-substantive clerical errors after the court loses its plenary power. *See* Tex. R. Civ. P. 316 (allowing correction of clerical errors in the judgment); *see also* Black's Law Dictionary 920 (9th ed. 2009) (nunc pro tunc judgment defined as "a judgment entered on a day after the time when it should have been entered, as of the earlier date"). Daniel claims that, by signing the nunc pro tunc final divorce decree on October 18, 2010, the trial court extended the deadlines for both his request for findings of fact and conclusions of law and notice of past due fact findings and conclusions of law.

Although Texas Rule of Civil Procedure 306a(6) extends the deadline for requesting findings of fact and conclusions of law after a nunc pro tunc order has been signed, the deadline is extended only for those complaints that are inapplicable to the original document. *See* Tex. R. Civ. P. 306a(6). All of Daniel's complaints on appeal are applicable to the original decree of divorce rendered on May 26, 2010, making both his request for findings of fact and conclusions of law dated September 24, 2010, and his notice of past due fact findings and conclusions dated November 4, 2010, untimely. *See* Tex. R. Civ. P. 296, 297. We overrule Daniel's fifth issue.

## CONCLUSION

We affirm the trial court's decree of divorce.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed:   November 8, 2012