

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00154-CV

RONALD JONES                                                    APPELLANT

V.

AUGUSTINE WARREN                                                 APPELLEE

-----------

FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

Appellant pro se Ronald Jones appeals the trial court's judgment following a jury trial in favor of Appellee Augustine Warren, and he asserts seven issues that we set forth below.  Warren did not file an appellee's brief.  We affirm.

---

[1]See Tex. R. App. P. 47.4.

## II. Background

Warren initiated this suit against Jones in small claims court in December 2010 and alleged $2,500 in damages to a fence, a boat, and trees. It appears from the clerk's record and Jones's brief that a tree on Jones's property fell onto Warren's property. The justice of the peace signed a judgment for Warren for $1,646 following a bench trial. Jones appealed to the county court at law and filed a counterclaim for $7,777.77 against Warren. The county court at law called the case for a jury trial in April 2012. The jury awarded Warren $1,969 in cost-of-repair damages for Jones's negligence. Following the jury's verdict, the trial court signed a judgment for Warren and against Jones for $1,969.

After Jones filed notice of this appeal, the court reporter informed him that the transcript and exhibits from the jury trial in the county court at law would cost $550. Jones then advised this court by motion that he intended to proceed with his appeal "without [the] Court Reporter Records from the Trial."

## III. Discussion

Jones lists seven issues in his appellant's brief. Within those issues, Jones asserts that storms are an act of God according to the Texas Department of Insurance, that Jones had no knowledge of a partial tree in Warren's yard or damage to her property, that the tree could not have damaged both Warren's fence and roof because they are too far apart, that Warren did not give Jones an estimate of damages prior to filing suit, that his insurance company would have paid Warren if he were in fact liable to her, that Warren did not and could not

2

present expert testimony that his tree was dead before it fell, that there had to have been a storm because Warren's insurance company replaced her roof, that Warren never responded to Jones's "debt validation request," that Warren's witnesses at the small claims court trial did not tell the truth, and that Warren concealed or provided false evidence to the court. Within the argument portion of his brief, Jones adds that the trial court would not allow the word "insurance" to be uttered during trial and that Warren sought double recovery because each homeowner should have their own insurance to pay for damages. Jones also prays that we enter judgment on his counterclaim.

## A. No Reporter's Record

Jones has chosen to proceed on appeal without a reporter's record. In the absence of a reporter's record, we may only consider questions of law that are not dependent on evidence presented at trial. *See Segrest v. Segrest*, 649 S.W.2d 610, 611 (Tex.), *cert. denied*, 464 U.S. 894 (1983); *In re L.C.H.*, 80 S.W.3d 689, 691 (Tex. App.—Fort Worth 2002, no pet.). We cannot know what evidence was presented to the jury during the trial unless we have a reporter's record to review on appeal; we therefore must presume that the evidence presented at trial supports the trial court's judgment. *See Schuring v. Fosters Mill Vill. Cmty. Ass'n*, 396 S.W.3d 73, 77–78 (Tex. App.—Houston [14th Dist.] 2013, pet. denied); *Willms v. Americas Tire Co.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied); *In re Marriage of Spiegel*, 6 S.W.3d 643, 646 (Tex. App.—Amarillo 1999, no pet.). This is the same presumption applied to the

judgment when the reporter's record is incomplete and the appellant has failed to comply with rule 34.6(c). *In re Tyler*, No. 08-11-00213-CV, 2013 WL 1682611, at *3 (Tex. App.—El Paso Apr. 17, 2013, no pet.).

We also cannot consider items attached to a notice of appeal or a brief that were not part of the record in the trial court. *Bencon Mgmt. & Gen. Contracting, Inc. v. Boyer, Inc.*, 178 S.W.3d 198, 210 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Jones attached numerous documents to his notice of appeal and his brief. Although it is possible that Jones offered those documents into evidence at trial, we cannot confirm whether he did so without a reporter's record. We thus cannot consider the attachments. *See id.*; *see also In re A.D.A.*, 287 S.W.3d 382, 389 (Tex. App.—Texarkana 2009, no pet.) (noting that courts of appeals may not consider documents that are attached as appendices to briefs that are not part of the appellate record); *Randle v. Wilson*, 26 S.W.3d 513, 515 n.1 (Tex. App.—Amarillo 2000, no pet.) (same).

## B. Analysis

We have carefully reviewed Jones's brief for arguments that present questions of law that are not dependent on our review of the reporter's record but found no pure questions of law. Each argument within Jones's brief is dependent, at least in part, on our ability to review the evidence or arguments presented to the trial court. For example, although we know from the clerk's record that the trial court included an instruction in the jury charge on Jones's "act of God" defense, we cannot determine without a reporter's record whether

4

Jones conclusively proved that defense or whether the jury's rejection of that defense was against the great weight and preponderance of the credible evidence. Similarly, it is well-settled that a party cannot obtain double recovery for the same injury, *see Waite Hill Servs., Inc. v. World Class Metal Works, Inc.*, 959 S.W.2d 182, 184 (Tex. 1998) ("A double recovery exists when a plaintiff obtains more than one recovery for the same injury."), but we cannot determine whether Warren received a double recovery without reviewing the evidence presented at trial. We are also unable to determine whether Jones asked the trial court to submit his counterclaim to the jury or whether Jones objected to the trial court's alleged refusal to do so. Jones's remaining arguments have similar infirmities, and we cannot pass on their merit without reviewing the reporter's record from the trial.[2] The judgment signed by the trial court is in accord with the jury's verdict, and we must presume that the evidence supports the jury's conclusions. *See Tyler*, 2013 WL 1682611, at *3. We therefore overrule each of Jones's seven issues.

---

[2]To the extent Jones complains about the trial court's alleged refusal to permit him to mention his homeowner's insurance coverage during the trial, evidence of insurance is not admissible to prove liability or the lack thereof. *See* Tex. R. Evid. 411. Jones seems to argue in his brief that he cannot be liable to Warren because he carries homeowner's insurance and because Warren did not submit her property damage claim to his insurance carrier before filing this suit. Even if Jones made this argument to the trial court, the trial court would not have erred by rejecting it. *See id.*

5

## IV.  Conclusion

Having overruled each of Jones's seven issues, we affirm the trial court's judgment.


                                                   ANNE GARDNER
                                                   JUSTICE

PANEL:  GARDNER, MEIER, and GABRIEL, JJ.

DELIVERED:  August 29, 2013