

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00834-CV

**IN THE INTEREST OF T.R.H.**, a Child

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2015-CI-20578
Honorable Laura Salinas, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: December 18, 2019

AFFIRMED

T.H. appeals the trial court's final order in a child support enforcement action, complaining of the trial court's award of $26,965 in attorney's fees to the child's mother, T.B. We affirm the order.

In December 2015, T.B. registered a foreign child support order and moved for its enforcement against T.H. T.H. filed a counterclaim, seeking to modify the conservatorship and support provisions of the parties' December 2007 Agreed Parenting Plan Final Order rendered by a court in the State of Washington. Both parties requested an award of attorney's fees.

After extended discovery and numerous continuances, both parties' motions were set for final hearing on April 2, 2018. Trial was to the court and no reporter's record was taken of the proceedings. At the conclusion of the hearing, the trial court orally ruled on most of the issues

raised in the parties' motions and took the issue of attorney's fees under submission. Both parties submitted additional briefing on the issue of fees to the trial court. On August 28, 2018, the trial court issued separate orders in the two proceedings. In the enforcement proceeding, the court found T.H. in contempt, rendered judgment for over $28,000 in child support arrearages, and rendered judgment against T.H. in the amount of $26,965.00 for reasonable attorney's fees, expenses, and costs incurred in connection with the enforcement proceeding. The court signed a separate order in the modification proceeding and ordered that each party bear its own attorney's fees in that proceeding. The enforcement order recited that no record was taken of the proceeding, and the modification order additionally recited that the parties agreed to waive a record. The trial court subsequently issued findings of fact and conclusions of law.

T.H. timely appealed the enforcement order, raising three issues. In his third issue, T.H. argues evidence of T.B.'s attorney's fees incurred after July 2, 2017, should have been excluded pursuant to Texas Rule of Civil Procedure 193.6(a) because T.B. did not timely supplement her discovery responses. We disagree.

T.H.'s request for production number 35 asked T.B. to produce "your agreement or contract for legal services between you and your attorney and any accompanying billings statements." T.B. objected to producing attorney work product and privileged attorney-client communications. Subject to the objections, T.B. produced redacted copies of the billing statements from her attorney and supplemented her production throughout the case.

The parties agree that at a hearing held July 14, 2017, the trial court ordered T.B. to provide T.H., within three days after the hearing, a breakdown of the fees incurred to date that T.B. sought for prosecution of the enforcement action and the amount sought for defense of the modification action. It is undisputed that T.B. timely produced copies of her attorney's redacted billing statements dated through July 2, 2017, with the entries labelled as relating to the enforcement

action, the modification action, or both. T.B. also continued to timely supplement her response to request for production number 35 by producing copies of her attorney's redacted billing statements; however, the time entries in her discovery supplements were not categorized. On March 29, 2018, five days before the final hearing, T.B. served a copy of her attorney's fees trial exhibit on T.H. The exhibit included all the fee statements she previously produced, plus a statement dated March 23, 2018, and labelled each entry in the statements as relating to the enforcement proceeding, modification proceeding, or both.

T.H. contends T.B. was required to segregate the attorney's fees in all of her supplemental production after the July 14, 2017 hearing. He argues T.B.'s failure to produce a segregation of the fees incurred after July 2, 2017, at least thirty days before trial violated Rule of Civil Procedure 193.5, resulting in an automatic exclusion of the evidence pursuant to rule 193.(6) *See* TEX. R. CIV. P. 193.5(b), 193.6(a). We disagree because the record does not establish T.B. was under any obligation to produce segregated or categorized copies of her attorney's fee statements after the July 2, 2017 statement. T.H.'s request for production required only production of the billing statements, which were timely produced. The trial court did not sign a written order reflecting its July 14, 2017 ruling[1], a record of the July 14 hearing was not requested or filed, and T.B. disputes T.H.'s assertion that the trial court imposed a continuing obligation on T.B. to produce segregated fee statements. Because T.H. has not shown that T.B. failed to supplement a discovery response in a timely manner, the trial court did not err in failing to exclude evidence of attorney's fees incurred after July 2017.

---

[1] The clerk's record contains handwritten "Judge's Notes" that suggest the trial court required only that T.B. provide a segregated breakdown of fees incurred to date by July 17, 2017, not that she was required to do so thereafter. Nevertheless, the judge's notes "are for his or her own convenience and form no part of the record." *Vo v. Vo*, No. 04-18-00194-CV, 2018 WL 5808303, at *1 (Tex. App.—San Antonio Nov. 7, 2018, no pet.) (mem. op.).

T.H. argues in two issues that there is legally insufficient evidence to support the fee award because there was no specific evidence evaluating the factors enumerated in *Arthur Andersen & Co. v. Perry Equip. Co.*, 945 S.W.2d 812 (Tex. 1997), and because T.B. failed to sufficiently "segregate fees between claims for which they are recoverable and claims for which they are not." *See Tony Gullo Motors, I, L.P. v. Chapa*, 212 S.W.3d 299, 312-13 (Tex. 2006). However, T.H. did not request a record of the April 3, 2018 trial and none was filed. The trial court's final orders recited that no record was made of the trial and the modification order recites the parties waived the making of a record. In its findings of fact and conclusions of law, the trial court found the fees awarded were reasonable and incurred solely for the prosecution of the enforcement motion.

It is appellant's burden to bring forward a record showing the error alleged. *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam). In the absence of a reporter's record, we are unable review the evidence and apply the appropriate standards. *See In re L.C.H.*, 80 S.W.3d 689, 691 (Tex. App.—Fort Worth 2002, no pet.). When no record has been requested or filed, we presume the evidence admitted at trial is legally and factually sufficient to support the trial court's findings and order. *See Sareen v. Sareen*, 350 S.W.3d 314, 317 (Tex. App.—San Antonio 2011, no pet.); *In re L.C.H.*, 80 S.W.3d at 691. We therefore overrule T.H.'s remaining issues and affirm the trial court's order.

Luz Elena D. Chapa, Justice