

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00184-CV

_____

KELLUS JOSEPH BRAVO, Appellant

V.

CORRAIMA BRAVO, Appellee

On Appeal from the 360th District Court
Tarrant County, Texas
Trial Court No. 360-722565-22

Before Sudderth C.J.; Womack and Wallach, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Kellus Joseph Bravo (Husband), proceeding pro se, appeals from the trial court's final decree of divorce between Husband and Appellee Corraima Bravo (Wife).[1] In three issues, Husband complains that (1) the trial court erred by entering a post-answer default judgment when he received only four days' notice of the trial setting, (2) the trial court erred by appointing Wife as sole managing conservator of and denying Husband possession and access to their children when no testimony was taken or exhibits admitted, and (3) the trial court abused its discretion by imposing "substantial child support obligations"[2] without admitting evidence of Husband's income, resources, or ability to pay. We will affirm.

## II. BACKGROUND

Husband and Wife were married in 2018 and share two children. Wife initiated divorce proceedings in 2022, and Husband filed an answer. Through the course of the trial court proceedings, the Office of the Attorney General (OAG) intervened,[3] and an amicus attorney was appointed for the children.

---

[1]Wife did not file an appellate brief.

[2]Among other things, the divorce decree ordered Husband to pay child support of $1,015 per month.

[3]OAG did file an appellate brief.

The final trial was held on October 1, 2024. The divorce decree states that Wife, her attorney, OAG's attorney, and the amicus attorney appeared for the trial. With regard to Husband, the decree states that he "did not physically appear in the courtroom but appeared through [his] attorney of record, Melissa S. Mozingo, who appeared physically in the courtroom and announced ready." According to the divorce decree, a record was made by the court reporter.

In the decree, the trial court appointed Wife as the children's sole managing conservator and ordered that Husband "shall have no possession of, or access to, the children" because his "possession or access would endanger the physical or emotional welfare" of the children. In addition, Husband was ordered to pay child support and medical support.

While Husband filed a combined motion to set aside the judgment and motion for new trial, the record contains no ruling on the motions. Husband appealed from the final divorce decree.

After Husband filed his notice of appeal, the court reporter notified us that Husband had "not reached out to obtain a record of the proceedings, nor ha[d] payment been arranged for said record." *See* Tex. R. App. P. 35.3(b) (requiring reporter to file record only if the appellant has requested that the reporter's record be prepared and the party responsible for paying for the preparation of the record has paid for, or made arrangements to pay for, the reporter's record, or is entitled to appeal without paying the fee). We then notified Husband by letter that was copied

3

to the court reporter and all counsel that "[u]nless, by Monday, July 7, 2025, you make payment arrangements and designate to the court reporter and provide this court with proof of payment and designation, the court may consider and decide those issues or points that do not require a reporter's record for a decision." *See* Tex. R. App. P. 37.3(c).

Thereafter, the clerk's record was filed after Husband paid for its preparation. *See* Tex. R. App. P. 35.3(a) (requiring the trial court clerk to prepare, certify, and timely file the clerk's record if the party responsible for paying for it has paid the clerk's fees, has made satisfactory arrangements with the clerk to pay the fee, or is entitled to appeal without paying the fee). On July 15, 2025, following the passing of the time for filing the reporter's record, we notified all parties and counsel that because Husband had "failed to pay or make arrangements to pay for the reporter's record, the court [would] consider and decide those issues or points that do not require a reporter's record for a decision."[4] *See* Tex. R. App. P. 37.3(c). In the same letter, we set the deadline for the filing of Husband's brief.

---

[4]On August 14, 2025, Husband filed a "Motion to Waive Court Costs and Affidavit of Indigence." *See* Tex. R. App. P. 20.1; Tex. R. Civ. P. 145. It did not request preparation of the reporter's record. *See* Tex. R. App. P. 34.6(b) (requiring the appellant to request in writing that the official reporter prepare the reporter's record and to designate the exhibits to be included). On August 22, 2025, we notified the trial court clerk and court reporter, as well as all parties and attorneys, that any motion to require Husband to pay fees charged by the clerk or court reporter for preparation of the appellate record had to be filed with the trial court clerk on or before September 2, 2025. Thereafter, Husband did not request the reporter's record and instead filed his brief, which included no references to the record. *See* Tex. R. App.

4

## III. DISCUSSION

On appeal, Husband raises three issues. We address each of them in turn below.

### A. Notice of Purported Default Judgment

In his first issue, Husband complains that he received only four days' notice of the trial setting in violation of Texas Rule of Civil Procedure 245. *See* Tex. R. Civ. P. 245 (stating that a court may set contested cases "with reasonable notice of not less than forty-five days to the parties of a first setting for trial[] or by agreement of the parties" but can reset a case that was previously set for trial on "reasonable notice" or by agreement). Husband characterizes the final divorce decree as a default judgment.

We first note that Husband's complaint regarding lack of notice does not state that his attorney failed to receive timely notice. Rather, Husband states only that his "[n]otice was provided by email alone and coincided with [his] criminal bond condition that prohibited him from approaching [Wife]."[5] According to Husband, the email that he received was not from the court but from a paralegal at his attorney's

---

P. 38.1(g) (requiring appellant's brief to include statement of facts "supported by record references"), (i) (requiring appellant's brief to include argument "with appropriate citations . . . to the record"). In his reply brief, Husband acknowledges that he "did not request the reporter's record" and argues that "a party cannot be deemed to waive a structural notice defect by failing to obtain a transcript of a hearing he had no meaningful opportunity to attend."

[5]In his motion to set aside the default judgment and motion for new trial, Husband stated that he "was subject to a criminal bond condition prohibiting him from being within 500 feet of" Wife.

law firm and was sent as a "reminder" of the final hearing date, which was "October 1, 2024 at 8:30 a.m."[6]

While Husband repeatedly characterizes the divorce decree as a default judgment, the record reflects that it was not a default judgment. *See Sedona Pac. Hous. P'ship v. Ventura*, 408 S.W.3d 507, 511–12 (Tex. App.—El Paso 2013, no pet.) (setting out different types of default judgments); *see also* Tex. R. Civ. P. 239 (stating that a judgment by default may be taken if the defendant "has not previously filed an answer"). As reflected in the decree itself, Husband was represented by counsel at the final trial. Because he was represented by counsel, there was no default. *See LeBlanc v. LeBlanc*, 778 S.W.2d 865, 865 (Tex. 1989) (stating that there was no default even though husband failed to appear personally for trial because he was represented at trial by counsel); *see also In re K.C.*, 88 S.W.3d 277, 279 (Tex. App.—San Antonio 2002, pet. denied) (stating that mother could not invoke *Craddock* procedure—*see Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124 (Tex. 1939)—because there was no default when mother did not appear for trial but her attorney did).

In his reply brief, Husband also complains that the clerk's record does not contain notice of the trial setting. But the record also does not contain any complaint or objection regarding inadequate notice of the trial setting. The decree states that Husband's attorney appeared and "announced ready." Therefore, even if notice was

---

[6]In his brief, Husband states that he arrived at the courthouse at 10:00 a.m. on the day of trial but that trial had started at 8:30 a.m.

inadequate, any complaint regarding timely notice was waived because Husband proceeded to trial without objection. *See Morales v. Marquis*, No. 13-12-00407-CV, 2013 WL 2298469, at \*2 (Tex. App.—Corpus Christi–Edinburg May 23, 2013, no pet.) (mem. op.) ("Notice under Rule 245 can . . . be waived if a party who is actively litigating the case did not receive the full notice but proceeded to trial without objection."); *Johnson v. Mohammed*, No. 03-10-00763-CV, 2013 WL 1955862, at \*4 (Tex. App.—Austin May 10, 2013, pet. dism'd w.o.j.) (mem. op.) (holding that "45-day notice requirement can be waived by party's inaction or lack thereof"); *Custom-Crete, Inc. v. K-Bar Servs., Inc.*, 82 S.W.3d 655, 658 (Tex. App.—San Antonio 2002, no pet.) ("Error resulting from a trial court's failure to provide parties proper notice under Rule 245 is waived if a party proceeds to trial and fails to object to the lack of notice."); *see also Szanyi v. Gibson*, No. 01-15-00895-CV, 2016 WL 3269975, at \*3 (Tex. App.—Houston [1st Dist.] June 14, 2016, no pet.) (mem. op.) (stating that objection to insufficiency of notice under Rule 245 must be made before trial).

We overrule Husband's first issue.

## B.  Appointment of Wife as Sole Managing Conservator

In his second issue, Husband complains that "the trial court's judgment cannot stand because it was entered without evidence."  According to Husband, no testimony was taken, no exhibits were admitted, and no best-interest analysis was performed before judgment was signed appointing Wife as sole managing conservator.  However, we have no reporter's record to review in order to make that determination.

"The burden is on the appellant to see that a sufficient record is presented to show error requiring reversal." *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990). In the absence of a reporter's record, we are unable to review the evidence and apply the appropriate sufficiency standards. *See In re T.R.H.*, No. 04-18-00834-CV, 2019 WL 6887143, at *2 (Tex. App.—San Antonio Dec. 18, 2019, no pet.) (mem. op.) (citing *In re L.C.H.*, 80 S.W.3d 689, 691 (Tex. App.—Fort Worth 2002, no pet.)).

Most of the appealable issues in a family law case are evaluated against an abuse of discretion standard. *See Matter of Marriage of Featherston*, 675 S.W.3d 330, 333 (Tex. App.—Amarillo 2023, no pet.). In determining whether the trial court abused its discretion by deciding an issue without sufficient evidentiary support, we ask first whether the court had sufficient information on which to exercise its discretion and second whether it erred in its application of that discretion. *See id.*; *Ayala v. Ayala*, 387 S.W.3d 721, 726 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (stating that if some evidence of substantive and probative character supports the trial court's decision, there is no abuse of discretion).

However, in cases where no reporter's record is filed, an appellate court cannot review the evidence that was before the trial court and consequently cannot review a trial court's order for abuse of discretion. *See Dunlap v. City of Fort Worth*, No. 02-21-00130-CV, 2021 WL 5028767, at *4 (Tex. App.—Fort Worth Oct. 28, 2021, no pet.) (mem. op.) (citing *Willms v. Ams. Tire Co.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied)). Instead, when there is no reporter's record, we must presume the

trial court heard sufficient evidence to make all necessary findings in support of the judgment. *In re M.D.G.*, 527 S.W.3d 299, 304 (Tex. App.—El Paso 2017, no pet.) (citing *Bryant v. United Shortline Inc. Assurance Servs.*, 972 S.W.2d 26, 31 (Tex. 1998)).

Therefore, because we do not have a reporter's record of the trial proceedings, we have no way of reviewing whether the trial court abused its discretion in appointing Wife as the children's sole managing conservator. *See Dunlap*, 2021 WL 5028767, at *4; *see also* Tex. R. App. P. 44.1(a)(1) (stating that for a trial court error to warrant reversal on appeal, the error must have "probably caused the rendition of an improper judgment"). We overrule Husband's second issue.

## C. Ordering Child Support

In his third issue, Husband complains that "the trial court abused its discretion by ordering child support obligations untethered to evidence of [Husband's] actual income or resources." Husband states that the trial court's determination was "contrary to Texas Family Code § 154.062." *See* Tex. Fam. Code Ann. § 154.062 (setting out how the court calculates net resources for the purpose of determining child support).

Again, because we have no record on which to review such a complaint, we cannot conclude that the evidence was insufficient to support the trial court's judgment. *See Caldwell v. Goodfellow Caldwell*, No. 03-10-00292-CV, 2012 WL 5476848, at *2 (Tex. App.—Austin Nov. 8, 2012, pet. denied) (mem. op.) ("Without a reporter's record of the hearing on which the court's findings recited in the divorce

9

decree were based, we cannot conclude that the evidence is insufficient to support the trial court's findings and the judgment based on them."). In the absence of the reporter's record, we must also presume that sufficient evidence supported the trial court's judgment. *See Sam F. v Hamamiyah*, No. 02-14-00109-CV, 2014 WL 6493588, at *1 (Tex. App.—Fort Worth Nov. 20, 2014, no pet.) (mem. op.).

Therefore, due to the absence of a reporter's record, we have no way of reviewing whether the trial court abused its discretion by ordering Husband to pay child support as set out in the divorce decree. *See Dunlap*, 2021 WL 5028767, at *4; *see also* Tex. R. App. P. 44.1(a)(1). We overrule Husband's third issue.

## IV. CONCLUSION

Having overruled all three issues, we affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Delivered: February 5, 2026

10